**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MARLO CARTER,                                                                        PLAINTIFF
#174069

v.                                            4:20-cv-00495-LPR-JJV

EDWARD ADAMS, Chief of Security; and
JOSEPH GORMEN, Chief of Administration,
Dub Brassell Detention Center                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Lee

P. Rudofsky.   Any party may serve and file written objections to this recommendation.

Objections should be specific and should include the factual or legal basis for the objection.   If

the objection is to a factual finding, specifically identify that finding and the evidence that supports

your objection.   An original and one copy of your objections must be received in the office of the

United States District Court Clerk no later than fourteen (14) days from the date of the findings

and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.    The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**<u>DISPOSITION</u>**

## I.    INTRODUCTION

Marlo Carter ("Plaintiff") is a pretrial detainee in the Brassell Detention Center.   He has filed a *pro se* Amended Complaint, pursuant to 42 U.S.C. § 1983, alleging Defendant Chief of Security Edward Adams and Defendant Chief of Administration Joseph Gormen violated his constitutional rights.   (Doc. No. 6.)   After careful review of Plaintiff's Amended Complaint, I find it should be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

## II.    SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.   28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(A)(b). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."   *Bell Atlantic Corp. v. Twombly*, 550 U.S.

2

544, 570 (2007). The factual allegations must be weighted in favor of Plaintiff. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id.* But regardless of whether a plaintiff is represented or appearing *pro se*, his "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief. *Id*. at 557.

Title 42 of the United States Code, section 1983 allows an individual to bring suit against persons who, under color of state law, have caused him to be "depriv[ed] of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

3

## III.   AMENDED COMPLAINT[1]

Plaintiff is a state pretrial detainee.   (Doc. No. 6.)   According to Plaintiff, the Brassell Detention Center has a contract with the U.S. Marshals Service to house federal pretrial detainees, and that contract requires federal and state detainees to be separated.   Plaintiff says that, on May 4, 2020, he was wrongfully assigned to a pod designated for federal detainees only.   During lunch, a federal detainee named Justin Preston "called [Plaintiff] to his cell under the impression that he was gone give me his lunch tray that was being served."   (*Id*. at 5.)   While the men were in the cell, Preston "spit in [Plaintiff's] face do to the fact that he thought I had a problem with him." (*Id*.)   A fight then ensued, during which Plaintiff sustained injuries to his hand and back.[2] Plaintiff claims Defendants Adams and Gormen violated their constitutional rights by failing to prevent his fight with Preston.

Prison and jail officials have a constitutional duty to protect those in their custody from harm.   *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).   But, they are not liable "every time one inmate attacks another."   *Patterson v. Kelley*, 902 F.3d 845, 851 (8th Cir. 2018); *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007).   As I explained to Plaintiff in my June 10, 2020 Order, to plead a plausible constitutional claim, he must provide facts suggesting: (1) objectively, there was a substantial risk he would be seriously harmed by Preston; and (2) subjectively, Defendants Adams

---

[1] In my June 10, 2020 Order, I advised Plaintiff that an Amended Complaint would render his original Complaint obsolete.   (Doc. No. 5.)

[2] Plaintiff does not allege the medical care he received for these injuries was constitutionally inadequate or that Defendants played any role in his medical care.   Because there is no vicarious liability in § 1983 actions, a prisoner "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."   *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that the "general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support [§ 1983] liability").

and Gormen knew of and disregarded that substantial risk of harm.  *See Chavero-Linares v. Smith*, 782 F.3d 1038, 1041 (8th Cir. 2015); *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007).

Plaintiff does not allege Preston was on his enemy alert list or that he had previously voiced any complaints to Defendants suggesting Preston was a potential harm to him.   Instead, the facts as alleged by Plaintiff suggest the May 4, 2020 fight was a surprise, which is something Defendants cannot be held liable for in a § 1983 action.  *See Patterson,* 902 F.3d at 845; *Schoelch v. Mitchell,* 625 F.3d 1041, 1048 (8th Cir. 2010).   Plaintiff believes Defendants should be held liable because the fight would have never occurred if the Brassell Detention Center complied with their contractual agreement to separate federal and state detainees.   But, he has not provided any facts suggesting either Defendant was aware that housing federal and state detainees together created a substantial risk of harm.  *See Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019) ("the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference") (quoting *Farmer v. Brennan,* 511 U.S. 825, 837 (1994)).   For instance, Plaintiff has not pled any facts suggesting Defendants were aware of but failed to remedy of pattern of violence between federal and state detainees.  *See Lenz v. Wade,* 490 F.3d 991, 995-96 (8th Cir. 2007) ("a single incident, or series of isolated incidents" does not establish awareness of a substantial risk of harm).   And, any negligent failure to abide by the contract between the Brassell Detention Center and the U.S. Marshals Service cannot be the basis for a § 1983 claim.  *See Patterson,* 902 F.3d at 852 (a § 1983 failure to protect claim cannot be based on negligence); *Blair*, 929 F.3d 988 (8th Cir. 2019) ("In contrast to negligence, deliberate indifference requires a highly culpable state of mind approaching actual intent" and the court must "measure the official's state of mind according to his knowledge at the time of the incident, without the benefit of hindsight").

5

Finally, I have previously brought these pleading deficiencies to Plaintiff's attention and given him the opportunity to cure them. His Amended Complaint has not done so. For these reasons, I recommend the Amended Complaint be dismissed for failing to state a claim upon which relief may be granted.

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Plaintiff's Amended Complaint (Doc. No. 6) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2.    Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).[3]

3.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 8th day of July 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[3] Title 28 U.S.C. § 1915(g) provides as follows:   "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

6